CARRIE L. MEACHAM (formerly HAY), Respondent, *v.* THE NEW YORK STATE MUTUAL BENEFIT ASSOCIATION, Appellant.

By the terms of a certificate or policy of insurance on the life of H., plaintiff's husband, the representations and answers of the insured embraced within the application on the physician's certificate were made warranties. The application contained the following questions and answers: "Q. Is applicant temperate and correct in his habits? A. Yes. Q. Does applicant promise to remain temperate? A. Yes." H. committed suicide by shooting himself nine days after the certificate was issued. In an action thereon defendant's evidence tended to show that for a few days prior and subsequent to the date of the policy H. drank frequently and was at a certain place, in the company of harlots, drunk. This testimony was controverted, and plaintiff's witnesses, who had known H. for a long time, testified that he was temperate and not accustomed to drinking and his habits were good. The court denied a motion to nonsuit. *Held*, no error; that the evidence did not authorize the court to hold, as a matter of law, that H. was not temperate within the meaning of the policy; that the word temperate suggests moderation, not abstinence, and H.'s warranty and promise were to the effect

that his habit was to refrain from excessive indulgence in the use of intoxicants and that he would not habitually and excessively indulge in such use, not that he would abstain from all use.

In his application H. agreed to be bound by and subject to defendant's by-laws and regulations, which, among other things, provided that it was not liable for the payment of any claim where the member died in violation of the laws of the land. *Held*, that, as suicide is not a crime within this state, no breach was shown.

Defendant's by-laws also provide that it will not be liable when a member has died from suicide, if committed within "two years from date of the certificate of membership." The evidence showed that H. fired the shot, intending that death should result. Plaintiff claimed and gave evidence tending to show that H. was insane at the time. Defendant's evidence tended to show that H. was sane, and that his act was deliberate and wholly voluntary. *Held*, that the question as to a breach of the condition was one of fact for the jury.

*Smith* v. *Ætna L. Ins. Co.* (49 N. Y. 211), distinguished.

*Mem.* of decision below, 46 Hun, 363.

(Argued March 20, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 15, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover the sum of $2,000; claimed to be due upon a certificate or policy of insurance issued upon the life of Charles E. Hay, then the husband of the plaintiff.

The application was made August 12, 1884; the certificate bears the date of two days later; and on the twenty-third of that month Hay died by his own hand. Others facts appear in the opinion.

*T. K. Fuller* for appellant. It is well settled that a false statement by an applicant for life insurance as to his occupation, is the misrepresentation of a material fact, and avoids the policy. (*Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341.) The fraudulent concealment of a material fact is a breach of the contract, and avoids the policy. (*Foot* v. *A. L. Ins. Co.*, 61 N. Y. 571; *Cushman* v. *U. S. L. Ins. Co.*, 63 id. 404; *Smith*

v. *A. L. Ins. Co.*, 49 id. 211, 215, 216; *France* v. *A. L. Ins. Co.*, 91 U. S. 401.) If Hay intended to take his own life when he fired the shot, he died " in violation of the laws of the land," and his policy is void. (*Van Zandt* v. *M. B. L. Ins. Co.*, 55 N. Y. 173; *Borradaile* v. *Hunter*, 5 Man. & Gr. 639; *Clift* v. *Schwabe*, 3 Man., Gr. & Scott, 437; *Weed* v. *M. B. L. Ins. Co.*, 70 N. Y. 563; *McClure* v. *M. L. Ins. Co.*, 55 id. 651; *Bradley* v. *M. B. L. Ins. Co.*, 45 id. 422; *Smith* v. *A. L. Ins. Co.*, 49 id. 211; 5 Lans. 545.) The verdict is against the law upon the facts proved, and should be set aside. (*Valton* v. *N. F. L. A. Co.*, 20 N. Y. 32; *Barteau* v. *P. M. L. Ins. Co.*, 67 id. 595; *Smith* v. *A. L. Ins. Co.*, 49 id. 211, 215, 216; Bliss on Life Ins. §§ 117–120: *Edington* v. *A. C. Ins. Co.*, 77 N. Y. 564.) It was error to send the case to the jury. (*Dwight* v. *G. L. Ins. Co.*, 25 Wkly. Dig. 1; *Barteau* v. *P. M. L. Ins. Co.*, 67 N. Y. 595; *Van Zandt* v. *A. B. L. Ins. Co.*, 55 N. Y. 169; *McClure* v. *M. L. Ins. Co.*, Id. 651; *Weed* v. *M. B. L. Ins. Co.*, 70 id. 563; *Smith* v. *A. L. Ins. Co.*, 49 id. 211.)

*A. P. Smith* for respondent. This verdict is amply sustained by the evidence. (*Van Valkenburg* v. *A. P. L. Ins. Co.*, 70 N. Y. 605; 4 Wait's Act. & Def. 99; *Mowry* v. *H. Ins. Co.*, 9 R. I. 386; *Swick* v. *H. Ins. Co.*, 1 Ins. L. J. 415; *McGinley* v. *U. S. L. Ins. Co.*, 77 N. Y. 495; Baylies on New Trials, 504; *Morse* v. *Sherrill*, 63 Barb. 21; *Honsee* v. *Hammond*, 39 id. 89; *Culver* v. *Avery*, 7 Wend. 384; *Cothran* v. *Collins*, 29 How. Pr. 155; *Cheney* v. *N. Y. C. & H. R. R. R. Co.*, 16 Hun, 415; *Board, etc.*, v. *Backus*, 29 How. Pr. 33; *Beckwith* v. *N. Y. C. R. R. Co.*, 6 Barb. 299; *Heritage* v. *Hall*, 33 id. 347; *Fleming* v. *Smith*, 44 id. 554.) The question whether the action can be maintained in its present form was expressly waived upon the trial and cannot be reviewed on this motion. (*Graham* v. *O'Hern*, 24 Hun, 221; *Clark* v. *Van Vrancken*, 20 Barb. 278; *Tweed* v. *Davis*, 1 Hun, 252; *Neil* v. *Thorn*, 88 N. Y. 270, 277; Bailey's Trial Practice, 204, 205.) In making hypothetical questions for the purpose of obtaining the opinions of experts, counsel

may assume facts as they claim them to exist, and an error in the assumption does not make the interrogatory objectionable if it is within the possible or probable range of the evidence. (*Harnett* v. *Garvy*, 66 N. Y. 641; *Cowley* v. *People*, 83 id. 464; *Dilleber* v. *H. L. Ins. Co.*, 87 id. 79; *Reynolds* v. *Robinson*, 64 id. 589; *Higbie* v. *G. M. L. Ins. Co.*, 53 id. 603; *Filer* v. *N. Y. C. R. R. Co.*, 49 id. 42; *Stearnes* v. *Field*, 90 id. 640; *Mercer* v. *Vose*, 67 id. 56; *Guiterman* v. *L. S. Co.*, 83 id. 358; *Seymour* v. *Fellows*, 77 id. 178; *Freeman* v. *Lawrence*, 11 J. & S. 288.) The clause in this policy that it shall be void if he dies in "violation of the laws of the land," or in the by-laws "or from suicide if committed within two years from date of certificate of membership," does not cover a case of involuntary suicide. It only makes the policy void when the act is done criminally and not where he is insane. (*Breasted* v. *F. L. & T. Co.*, 4 Hill, 73; 8 N. Y. 299; *Penfold* v. *U. L. Ins. Co.*, 85 id. 321; *Newton* v. *M. B. L. Ins. Co.*, 76 id. 426; *Van Zandt* v. *Ins. Co.*, 55 id. 169; *DeGogorza* v. *K. L. Ins. Co.*, 65 id. 248.)

PARKER, J. The exception taken to the refusal of the court to nonsuit the plaintiff at the close of the testimony presents the only question reviewable here. Several grounds are assigned for error because of such refusal. By the terms of the contract of insurance the representations and answers of the insured embraced within the application for membership or physician's certificate are made warranties. And unless substantially true the policy is invalid. The application contained the following questions and answers: "Q. Is applicant temperate and correct in his habits? A. Yes. Q. Does applicant promise to remain temperate? A. Yes."

The appellant contends that the representations made were untrue, and that the promise was not fulfilled, and as a result the policy became of no effect.

With reference to the first answer the defendant's evidence tended to show that Hay drank frequently for a few days prior and subsequent to the date of the policy of insurance;

that during that time he had been in the company of bad
women in Owego, and had been drunk.

With the exception of proof of intoxication on one
occasion, the evidence introduced for the purpose of establish-
ing that his habits were intemperate, or otherwise incorrect,
was confined to a period of about fifteen days preceding his
death. On the part of the plaintiff, witnesses who had known
him all his life or for a long time, testified that he was temper-
ate and not accustomed to drinking, and that his habits were
good. Evidence was also presented tending to show that he
was not in Owego at the time fixed by defendants as the
occasion when he, it is claimed, was intoxicated and in com-
pany with a lewd woman. We do not think the evidence
authorized the court to hold as a matter of law that Hay was
not temperate within the meaning of the policy. This court
said in *Van Valkenburgh* v. *A. P. L. Ins. Co.* (70 N. Y. 605),
that the question do you " use any intoxicating liquors or sub-
stances " does " not direct the mind to a single or incidental
use, but to a customary or habitual use." Much less, therefore,
does an inquiry as to whether an applicant be temperate call
his attention to occasional use. The word "temperate" sug-
gests moderation, not abstinence ; and the warranty is to the
effect that his habit is to refrain from excessive indulgence in
the use of intoxicants and not that he abstains from all use.

The evidence, therefore, presented a question of fact for the
determination of the jury as to whether at the time of the
application he was temperate.

Whether he substantially kept his promise to continue
temperate was, in view of the evidence, also a question of fact.
For he had not engaged to entirely forbear the use of intox-
icants, but rather that he would not habitually and excessively
indulge in such use.

In his application the insured agreed to be bound by and
subject to the by-laws and regulations of the defendant's
association. Therein it is provided that " this association
does not hold itself liable for the payment of any claim
when the member has died in violation of the laws of the

land  *  *  *." The insured having taken his own life, it
is urged that it was done in violation of the laws of the land.
If we could assume that Hay was sane at the moment he fired
the revolver, nevertheless appellant's contention would be
denied on the authority of *Darrow* v. *Family Fund Society*
(116 N. Y. 537). It is there held that suicide is not a crime
within this state, although the attempt to commit suicide is.

The by-laws further provide that the association shall not
be liable when a member has died "from suicide, if committed
within two years from date of certificate of membership."

Hay died by his own hand within eleven days after the
issuance of the certificate. Unless, therefore, such self destruc-
tion was the result of accident, mistake or insanity, or was
involuntary because driven to it by an insane impulse, which
disabled him from controlling his own action, Hay committed
suicide within the meaning of the policy and it became void.
(*Van Zandt* v. *M. B. L. Ins. Co.*, 55 N. Y. 169; *Newton* v.
*M. B. L. Ins. Co.*, 76 id. 426.)

The letter written to his wife, evidently but a few minutes
before the occurrence, considered with the other circumstances
surrounding the event, does not permit the inference that it
was occasioned by accident or mistake.

Indeed, no room is left for doubt that he fired the shot
intending that death should result. But upon the trial the
plaintiff sought to prove that the act was involuntary. That he
was driven to it by an insane impulse which he could not control.

To that end the plaintiff proved that there was a strain of
insanity in the family; that his great grandfather hung him-
self while insane, and his grandmother's sister had been con-
fined in an asylum.

A letter to his wife was put in evidence of which the fol-
lowing is an extract: "But this voice says 'die now.' Dar-
ling don't give this revolver away until Clare is big enough
to take care of it, then give it to him and tell him its history.
*  *  *  Oh, that voice is calling me. I think it is mother's.
Now, darling, I bid you and all my friends and the little dar-
lings an affectionate farewell forever, hoping we shall all meet

in a fairer world than this, where everybody is our friends. Now, wishing you all farewell, I am no more your unworthy husband, but almost a corpse. Good-bye darling."

Two physicians, who were called as experts, after stating that insanity is looked for more readily in the descendants of an insane ancestor, expressed the opinion that Hay was insane when he terminated his existence. The fact that he was young, in good health, and had a wife and two young children, may also be said to have been entitled to consideration, in connection with all the other circumstances, in determining whether the act was voluntary or involuntary.

The evidence on the part of the defendant tended strongly to show that family difficulties, together with Hay's miscon duct, resulted in a determination on his part to relieve himself of the troubles that were burdening him, and at the same time provide for his family at the expense of the members of defendant's association, and that the act was deliberate and wholly voluntary. That his death was the result of his own act was conceded. But, whether it was voluntary, or the result of an insane impulse which he could not resist, was not in the light of the evidence adduced determinable as a matter of law. For an inference of fact was permissible from the whole testimony that the act was involuntary. Whether it was or not therefore presented a question for the jury. The views expressed lead to the conclusion that the denial of the motion for a nonsuit was required. No exceptions were taken to the charge of the court.

The General Term having affirmed the judgment of the circuit, we cannot consider whether the verdict was against the weight of evidence. *Smith* v. *Æ. L. Ins. Co.* (49 N. Y. 211), cited by appellant is not applicable. In that case the General Term reversed the judgment on questions of fact, and hence they were open to review in this court. (Code, § 268.)

The judgment should be affirmed.

All concur, except FOLLETT, Ch. J., not sitting and VANN, J., not voting.

Judgment affirmed.