Argued May 17, 1948; decided July 16, 1948.

*Otho S. Bowling* and *Fred J. Munder* for appellant. Insertion of the words "self-destruction while sane or insane" violates the statute. (Insurance Law, § 101; § 155, subd. **2**, par. [b]; *Shipman* v. *Protected Home Circle,* 174 N. Y. 398; *Van Zandt* v. *Mutual Benefit Life Ins. Co.,* 55 N. Y. 169; *Meacham* v. *New York State Mut. Benefit Assn.,* 120 N. Y. 237; *Matter of Delinousha* v. *National Biscuit Co.,* 248 N. Y. 93; *De Gogorza* v. *Knickerbocker Life Ins. Co.,* 65 N. Y. 232; *Bakker* v. *Aetna Life Ins. Co.,* 264 N. Y. 150.)

*George W. Riley* for respondent. The policy clause simply expresses the legislative intention — and stops right there. This is no infringement. (*City of New York* v. *New York City Ry. Co.,* 193 N. Y. 543; *Mansbacher* v. *Prudential Ins. Co. of America,* 273 N. Y. 140; *Connecticut Rural Roads* v. *Hurley,* 120 Conn. 20; *Gelpcke* v. *City of Dubuque,* 1 Wall. 175; *People ex rel. Huntington* v. *Crennan,* 141 N. Y. 239; *People* v. *Shakun,*

251 N. Y. 107; *Matter of Stockwell*, 210 App. Div. 753; *Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397; *Addison* v. *Holly Hill Co.*, 322 U. S. 607; *Knickerbocker Ice Co.* v. *City of New York*, 209 App. Div. 434, 239 N. Y. 595; *Brustein* v. *New Amsterdam Cas. Co.*, 255 N. Y. 137; *Gans* v. *Aetna Life Ins. Co.*, 214 N. Y. 326.)

LOUGHRAN, Ch. J. · This plaintiff is the beneficiary named in a policy of insurance upon the life of her husband which the defendant company issued and delivered to him in this State on November 13, 1943. It is thereby provided: " If the Insured shall die within two years from the date of issue of this policy by self-destruction, while sane or insane, the amount payable hereunder shall be limited to the premiums paid hereon." On November 12, 1945, the insured destroyed his life by hanging himself. In response to timely notice of that occurrence, the defendant company sent to the plaintiff the following communication: " As the death occurred as a result of suicide during the first two years of the policy, the company's liability in accordance with the terms of the contract is limited to return of premiums paid." A tender of such payments was thereupon made to the plaintiff and rejected by her.

This action was brought to recover the face amount of the policy — $5,000. The defendant company moved for summary judgment dismissing the complaint and such a judgment was granted on the merits and was affirmed. We gave the plaintiff leave to bring this further appeal.

Section 154 of the Insurance Law provides for approval by the Superintendent of Insurance of policies of life insurance " as conforming to the statute " and forbids delivery of any life policy in this State unless so approved. The above suicide clause in the policy in suit was approved by the superintendent on July 14, 1941, or so the parties are agreed. On that date, however, as the Insurance Law then said, no policy of life insurance issued or delivered in this State was to contain any provision excluding liability for self-inflicted death except,— " A clause excluding liability of the company beyond the amount of reserve less any indebtedness on the policy, for death due to suicide occurring within two years from the date of issue of the policy " (§ 155, subd. 2, par. [b]). Whether the superintendent had the right here to approve use of the words " self-destruction, while sane or

insane '' as a substitute for the statutory phrase '' death due to suicide '' is the main question that has been argued before us.

According to many cases in this court, a stipulation in a life policy excluding death by '' *suicide* '' is effective if the insured kills himself while sane but is inoperative if the insured at the time of his suicide was so far insane as to have been without appreciation of the physical consequences of his action or without power to resist the disordered impulse that impelled him to end his own life. (*Van Zandt* v. *Mutual Benefit Life Ins. Co.,* 55 N. Y. 169, 179; *Weed* v. *Mutual Benefit Life Ins. Co.,* 70 N. Y. 561; *Meacham* v. *New York State Mut. Benefit Assn.,* 120 N. Y. 237, 242–243. Cf. *Matter of Delinousha* v. *National Biscuit Co.,* 248 N. Y. 93.) But the result is different when a policy excludes death by '' suicide   *   *   *   sane or insane ''. In that case, any and every insane self-killing by the insured will avoid the policy, as this court declared many years ago. (*De Gogorza* v. *Knickerbocker Life Ins. Co.,* 65 N. Y. 232, 241–242.)

Thus in the decisional insurance law of New York, the word '' suicide '', on the one hand, and phrases like '' suicide   *   *   * sane or insane '', on the other, long have had mutually and essentially divergent meanings which — since nothing to the contrary appears — the Legislature must here be taken to have recognized at the time of its enactment of the Insurance Law. (See *Perkins* v. *Smith,* 116 N. Y. 441, 448–449.) In that view, the exclusion clause that we have quoted from section 155 of the statute covers only self-destruction by a sane insured and so we now adjudge. In that view, too, approval by the superintendent of the suicide clause contained in the policy in suit was without effect, because that clause was obviously less favorable to the plaintiff than the statutory exclusion clause which we have just construed and, therefore, the statute requires us to enforce the policy as if such statutory exclusion clause were the only suicide proviso set forth therein. (See Insurance Law, § 143, subd. 3.)

In opposition to the motion of the defendant company for summary judgment, the plaintiff submitted an affidavit sworn to by the physician of the insured. This witness gives it as his professional opinion that the insured was the victim of insane impulses and did not know the nature of his act of self-destruction. Hence there is, under the cases first cited above, a basis for the cause of action here asserted by the plaintiff and for that

reason the summary dismissal of her complaint was unjustified.

The judgments should be reversed, with costs in all courts and the motion for summary judgment denied, with costs.

LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgments reversed, etc.