LEONARD STRASSBERG, Plaintiff, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

Supreme Court, Special Term, New York County, September 12, 1949.

*Leo. D. Fitzgerald* for defendant.

*Altschuler & Morrison* for plaintiff.

CORCORAN, J. The defendant moves for an order pursuant to rule 103 of the Rules of Civil Practice to strike paragraphs " 4 " and "6 " from the first cause of action contained in the complaint, and pursuant to rule 106 to dismiss the second cause of action.

In the first cause of action, the plaintiff alleges that he is the beneficiary of a life insurance policy issued by the defendant on the life of the insured. The insured died within two years of the issuance of the policy. The defendant sent the plaintiff a check for a lesser amount than the face amount of the policy, claiming that its liability was limited to the amount which it paid in accordance with the terms of the self-destruction clause. The plaintiff returned the check, and in this cause of action contends that the defendant owes him the face amount of the policy.

The policy contains a provision which reads as follows: " Self-Destruction. Self-destruction, sane or insane, within two years of the Date of Issue hereof, is a risk not assumed by the Society under this Policy. In such an event the Society's liability shall be limited to the payment to the person entitled to receive the first payment on account of the proceeds of this policy of a single sum equal to the premiums actually paid under this policy."

In paragraphs " 4 " and " 6 " of the first cause of action, to which the motion under rule 103 is addressed, the plaintiff pleads that paragraph (4) of subdivision 2 of section 155 of the Insurance Law limits the exclusion to death " As a result of suicide within two years from the date of issue of the policy " and that, therefore, the words in the policy " or insane " are of no force and effect, and that the law limits the liability only in cases of self-destruction by a sane insured.

What the plaintiff apparently is attempting to do is to plead as an allegation of fact the decision of the Court of Appeals in *Franklin* v. *John Hancock Mut. Life Ins. Co.* (298 N. Y. 81). That case held that with respect to the ordinary death benefits under a life insurance policy, the provisions of section 155 of the Insurance Law limit clauses excluding or restricting coverage in the event of death by suicide to " suicide occurring within two years from the date of the issue of the policy ", and that suicide means suicide while sane. A clause such as the one in the case at bar is not enforcible by the company insofar as ordinary death benefits are concerned in the event the insured commits suicide while insane.

There is no plea in this cause of action, however, that the insured committed suicide while insane, or that he committed suicide at all. The first cause of action merely pleads the death of the insured, and that is all the plaintiff was required to prove. The defendant has the burden of proving facts to establish its freedom from liability for the face amount of the policy under the self-destruction clause (*Cramer* v. *Metropolitan Life Ins. Co.*, 261 App. Div. 1025). Paragraphs " 4 " and " 6 " of the first cause of action not only plead conclusions of law, but they have no place in that cause at all. They are unnecessary and the motion to strike them is granted.

In the second cause of action, of which the defendant seeks a dismissal under rule 106, the plaintiff repeats and realleges the first cause of action. The plaintiff then pleads that the policy contained the usual double indemnity clause for death

which results from bodily injury caused by external, violent and accidental means; and that the insured did die from bodily injury ·caused by such means in that he took sleeping tablets under the influence of an insane impulse which he could not resist and that such self-destruction was involuntary.

Under these facts, the plaintiff cannot recover on this cause of action. The virtual deletion of the words " or insane " in the self-destruction clauses by the construction of subdivision 2, paragraph (4) of section 155 of the Insurance Law, in *Franklin* v. *John Hancock Mutual Life Ins. Co., (supra)*, is limited to actions for recovery of the face amount of the policy. The concluding sentence in that subdivision of the Insurance Law prescribes that " Nothing contained herein shall apply to any provision in a life insurance policy for additional benefits in the event of death by accident or accidental means ''. The defendant, therefore, was not restricted in the use of the self-destruction clause insofar as accidental death benefits are concerned. Since the policy expressly limits liability for accidental death benefits so that such benefits are not payable in cases of self-destruction, while sane or insane, and since the second cause of action expressly pleads facts bringing the insured's death within the exclusionary clause, the alleged second cause of action states no cause of action at all.

The motion to dismiss the second cause of action for failure to state facts sufficient to constitute a cause of action is granted.

Plaintiff may serve an amended complaint within twenty days after service of a copy of this order with notice of entry.