Per Curiam.

Defendant, insurer, appeals from two orders: the first dismissed certain defenses and struck out certain denials; the second denied defendant’s motion for summary judgment on all causes of action in the amended complaints demanding double indemnity for accidental death.
Plaintiff’s causes of action involve six policies of insurance, one in the face amount of $25,000 and five others each in the face amount of $5,000. Plaintiff sues to recover $100,000, $50,-000 representing the face amount of the policies and an additional $50,000 representing claims for accidental death under the double indemnity clauses. The issues as to each policy and the double indemnity provisions thereof are identical.
The original verified complaint seeking double indemnity for death by accidental means alleged that the insured died from an overdose of sleeping tablets taken while the insured was insane and his self-destruction was involuntary. On a prior motion by defendant to dismiss the original complaint, as to such cause or causes of action, Special Term dismissed the double indemnity claims with leave to replead (196 Misc. 387). Special Term held that Franklin v. John Hancock Mut. Life Ins. Co. (298 N. Y. 81) on which plaintiff had relied, merely held that as to ordinary death benefits under a policy “ suicide ” means suicide while sane and suicide while insane is no defense; but that under paragraph (4) of subdivision 2 of section 155 of the Insurance Law, the Hancock ruling was limited to actions for recovery of ordinary death benefits; viz., the face amount of the policy, and did not apply to actions for double indemnity. Plaintiff did not appeal but served the present verified amended complaints, which in the causes of action for double indemnity, omit all reference to insured’s suicide while insane and allege that while the policy was outstanding the insured died “ from accidentally taking an overdose of sleeping tablets '
*432 The prior decision of Special Term was obviously not res judicata as to the amended complaints and that defense was properly stricken.
In Franklin v. John Hancock Mut. Life Ins. Co. (supra), a defense that death within two years of the policy was the result of self-destruction “ sane or insane ” was held to be no defense to the cause of action for the face amount of the policy. Defendant’s defenses herein on such grounds to such causes of action were properly stricken.
Plaintiff pleaded due performance generally under rule 92 of the Rules of Civil Practice. That rule, as recently amended (February 16, 1948, rescinding former rule 92), provides that denials of general allegations of performance shall be made “ specifically and with particularity ” and further provides that the party pleading such performance, here plaintiff, is required to prove at the trial “ only such performance or occurrence as shall have been so specified ”. Plaintiff’s motion to strike out such denials under rule 103 should have been denied.
Defendant’s motion, however, for summary judgment dismissing all causes of action for double indemnity should have been granted. The double indemnity provisions of all of the policies here in question provide double indemnity in the event of death by accidental means “ as herein limited ” and expressly provide, inter alia that payment of the double indemnity is subject to “ receipt of due proof as herein required, that ” the death of the insured was accidental and that such death “ was not the result of or caused by * * * (b) any drug * * * voluntarily or involuntarily, accidentally or otherwise, taken * * * ”. Plaintiff’s amended complaints and bill of particulars state that the insured “ died from accidentally taking an overdose of sleeping tablets ”. Plaintiff’s proofs of death repeat under oath the allegation that the cause of death was “ Overdose of sleeping tablets ” and annexed to the proofs of death is the certificate of the Bureau of Vital Statistics of Newark, New Jersey, where deceased died, that the “ Cause of Death ” was “ Suicide by ingestion of barbiturate compound. Temporary insanity.” On the motion by defendant for summary judgment based upon the documentary evidence including the original verified complaint, the amended complaints, plaintiff’s proofs of claim and the death certificate, plaintiff filed no opposing affidavit. In that state of the record, the documentary evidence relied on by defendant shows without contradiction that the death of the insured was the result of or *433 caused by a “ drug ”, a cause specifically and expressly excluded by the terms of the policies here in question, whether the drug was taken “voluntarily or involuntarily, accidentally or otherwise.” Accordingly defendant was entitled to summary judgment on all the causes of action for double indemnity.
The first order appealed from (No. 3883) should be modified by denying plaintiff’s motion to strike paragraphs “ third ” and “ ninth ” of the answer to the amended complaint seeking a recovery on the policy included in the trust agreement of September 29,1947, and denying the motion to strike the denials contained in paragraphs “ third ” and “ thirteenth ” of the answer to the amended complaint seeking a recovery on all policies included in the trust agreement of September 23, 1947, and as so modified such order should be affirmed, without costs.
The second order appealed from (No. 3884) should be reversed on the law, with costs and disbursements to defendant and summary judgment should be granted to defendant dismissing the second cause of action for double indemnity in the amended complaint seeking recovery on the policy relating to the trust agreement of September 29, 1947, and dismissing the second, fourth, sixth, eighth, and tenth causes of action for double indemnity in the amended complaint seeking a recovery on the policies included in the trust agreement of September 23, 1947.
Glennon, J. P., Dobe, Cohn, Callahan and Shientag, JJ., concur.
(3883) Order unanimously modified in accordance with opinion herein and, as so modified, affirmed, without costs.
(3884) Order unanimously reversed, with costs and disbursements to appellant and summary judgment is granted to appellant dismissing the second cause of action for double indemnity in the amended complaint seeking recovery on the policy relating to the trust agreement of September 29, 1947, and dismissing the second, fourth, sixth, eighth and tenth causes of action for double indemnity in the amended complaint seeking a recovery on the policies included in the trust agreement of September 23, 1947. Settle order on notice.