WILLIAM J. SEBESTA, Plaintiff, *v.* ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA, Defendant.

Supreme Court, Special Term, Broome County, November 20, 1952.

*A. E. Gold* for plaintiff.

*Eugene C. Gerhart* for defendant.

McAvoy, J.   The defendant is a fraternal benefit society incorporated under the laws of the State of Ohio and licensed to do business in this State.   It issued in New York State an accident certificate to the plaintiff who is a resident here.

The plaintiff has sued to recover benefits provided by the certificate.   The defendant has set up a defense that this action is barred by a six months' Statute of Limitations contained in the defendant's constitution and by-laws (not incorporated in the contract except by reference).

The plaintiff has moved to strike out this defense as insufficient in law, upon the ground that a standard two-year Statute of Limitations applies to all contracts of this nature issued or delivered in the State of New York by fraternal benefit societies. The issue is whether the six months' limitation in defendant's constitution or the two-year New York standard provision applies.

Article XIV of the Insurance Law of this State governs the operation of fraternal benefit societies.

Section 459 thereof applies to domestic and foreign societies authorized to do business in this State, and as to accident insurance certificates (here involved) provides in part as follows: " Pursuant to the foregoing provisions the superintendent shall have power, from time to time to make, alter and supersede reasonable regulations prescribing the required, optional and prohibited provisions in such contracts, and such regulations shall conform, as far as practicable, to the provisions of section one hundred sixty-four."

The superintendent did, prior to the issuance of the certificate here in question, adopt a regulation pursuant to said section 459, known as "Regulation No. 22."   The regulation provided that the form of such certificate " shall conform in substance to the provisions of subsections 1, 2, 3 and 4 of section 164 of said law ".   (2 N. Y. Official Compilation of Codes, Rules & Regulations, p. 932.)

Paragraph (n) of subdivision 3 of former section 164 of the Insurance Law (now Insurance Law, § 164, subd. 3, par. (A), provision [11], as enacted by L. 1951, ch. 630, § 4, with certain changes) provided for a standard provision limiting the time within which suit may be brought upon the policy, as follows: "14. No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy."

The certificate here issued to the plaintiff did in fact contain such a standard provision as to the time within which suit might be brought to recover under the provisions thereof.

Subdivision 5 of section 42, subdivisions 1 and 2 of section 143, and subdivision 7 of section 464 all show that it is the intent of the Insurance Law of this State that such standard provisions shall become a part of such policies and certificates issued and delivered in this State by fraternal benefit societies and insurance companies, whether foreign or domestic.

When the defendant issued and delivered its certificate to the plaintiff the standard two-year Statute of Limitations by operation of law became a part of the contract and superseded any inconsistent provisions in the defendant's constitution and by-laws. The acceptance of such standard provision was a condition attached to defendant's right to do business in this State.

The defendant did so accept it when it applied for and received a license and undertook to do business. It did not have to do so if it did not wish to abide by the standard provisions and regulations which this State had adopted for the protection of its own citizens. Foreign fraternal benefit societies doing business in this State should not enjoy greater advantages than domestic fraternal benefit societies.

The defendant contends that under the authority of the case of *Order of Travelers* v. *Wolfe* (331 U. S. 586) this State is bound under the full faith and credit clause of the United States Constitution to recognize the six months' Statute of Limitations provision contained in its constitution and by-laws.

We feel that the *Wolfe* case is distinguishable and that the full faith and credit clause is not here involved. In that case a six-year general Statute of Limitations applicable to all contract actions brought in the State of South Dakota was involved. It was this general statute which the court held to be in conflict

with the Ohio society's limitation period of six months within which to commence action, as contained in its constitution and by-laws.

South Dakota did have a standard provision, applying only to health and accident policies issued in that State, limiting to a period of two years the time within which actions could be brought upon them. However, at page 612 (note 23) of the opinion in the *Wolfe* case it is pointed out that this standard provision did not apply to or affect transactions of fraternal benefit societies, because they were excluded from the general insurance statutes and were placed under licensing provisions. Therefore, the issue presented on this motion was not before the court in the *Wolfe* case.

In the present case, while the defendant was licensed to do business in this State and was required to comply with certain licensing provisions of the statute (Insurance Law), the superintendent by issuing such license did not waive other specific standard provisions and regulations of the Insurance Law hereinabove referred to, which directly applied to foreign and domestic fraternal benefit societies doing business in this State. (See *Franklin* v. *John Hancock Mut. Life Ins. Co.,* 298 N. Y. 81, 84.)

In *Matter of Gantt (Hurtado & Cia.)* (297 N. Y. 433) cited by the defendant, the issue involved on this motion was not before the court for decision, and hence the reference in the opinion to the *Wolfe* case is not controlling.

Therefore, plaintiff's motion to strike out the defense contained in defendant's answer is granted.