Before STATE INDUSTRIAL BOARD, Respondent.

Mrs. MARGARET KELLY, Claimant, Respondent, v. INTERNATIONAL MOTOR COMPANY and Another, Appellants.

Third Department, June 19, 1923.

Workmen's compensation — claimant's husband was injured slightly in collision between automobiles and died from ruptured gastric ulcer complicated with acute general peritonitis — condition was discovered in operation for appendicitis — no legal evidence of causal connection between accident and death.

There was no legal evidence in this case connecting the death of claimant's husband with an injury suffered by him about three weeks prior to his death, when an automobile which he was driving was struck in the rear by a motor truck, since it appears that during an operation for appendicitis about three weeks after the accident a ruptured gastric ulcer was discovered and he died the next day from that disorder, complicated with acute general peritonitis;

that following the accident he did not lose any time; that there was no evidence that the accident was the direct cause of death; and that the only expert opinion evidence on that question was not based on facts which were established by legal proof.

APPEAL by the defendants, International Motor Company and another, from an award of the State Industrial Board, made on the 21st day of November, 1922.

*Robert H. Woody* [*N. F. Towner* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, Acting P. J.:

The claimant's husband, on May 3, 1922, suffered to be performed an operation for the removal of his appendix. The operation disclosed a ruptured gastric ulcer. From this disorder, complicated with acute general peritonitis, he came to his death on the following day. The question in the case is whether the rupture of the ulcer and the ensuing death can logically be attributed to an accident occurring on April 18, 1922. The only legal evidence to prove such an accident is contained in the employer's first report of injury made upon April twenty-fifth. It consists of the following: " Describe fully how injury occurred: Injured was driving car when his car was hit in the rear by a motor truck, and shock injured his back. Part of machine on which injury occurred: Motor truck. Nature of injury: Strain of muscles of neck. Did injury cause loss of time? Yes. If yes, when did lost time begin? No time lost." The claimant testified that her husband continued at his work until May third, when he was seized with violent pains in his stomach, and was taken to a hospital where the operation was performed. The claimant also testified to a hearsay statement made to her by her husband that when the collision between his car and the truck occurred " he hit the steering wheel, and received a jar in the back." The claimant urges that causal connection between the accident and the rupture of the ulcer was established by the testimony of a certain Dr. Messmer. This physician first saw the claimant's husband after he had been seized with stomach pains on May third, made a diagnosis of acute appendicitis, and recommended the operation which followed. The only testimony given by him upon the subject of causation is contained in the following: " Q. Could such a condition as you found at the time, in your opinion, be due to an accident? A. Possibly. Q. If a man had been injured by a car striking his automobile and getting a certain jar, his automobile being struck by another car, would that cause a condition such as Mr. Kelly had? A. It would, or

it might, I might say." He also gave the following: " Q. It could have arisen from any reason? A. Yes. Q. He could have had just an acute appendix? A. Yes. A. And without any history of trauma, you could not connect it with anything? A. No." It will be observed that the opinion of Dr. Messmer was not based upon facts in relation to the accident which were established by legal proof. He was not asked whether a collision between two automobiles which merely injured an employee's back and strained the muscles of his neck could have been a cause contributing to the disorder of a ruptured ulcer. He simply testified that there could be a collision of such a nature; that it might cause the condition found, and was permitted in answering the question to make such an assumption of facts as to an accidental injury as his imagination might suggest. It is clear, therefore, that there was no legal evidence in the case connecting the death of the claimant's husband with an accidental injury received in the course of his employment from a cause arising in the employment. Therefore, the claim must fail.

The award should be reversed and the claim remitted to the Industrial Board.

VAN KIRK, HINMAN and HASBROUCK, JJ., concur.

Award reversed and matter remitted to the State Industrial Board.