In the Matter of the Claim of DEMETRAS DELINOUSHA et al., Respondents, against NATIONAL BISCUIT COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Workmen's compensation — master and servant — suicide — injury of workman resulting in insanity and suicide — death benefit properly awarded — test to be applied in such cases.

1. If an injury causes insanity which in turn causes suicide, death benefits may be awarded under the provisions of section 10 of the Workmen's Compensation Law (Cons. Laws, ch. 67).

2. The test to be applied in such cases is, that where the suicide is not the result of discouragement, of melancholy or other sane conditions, but of brain derangement caused by the injury, an award may be made. Death is then the proximate and direct result of the accident within the meaning of the statute.

*Matter of Delinousha* v. *Nat. Biscuit Co.*, 221 App. Div. 827, affirmed.

(Argued March 27, 1928; decided May 1, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial

department, entered October 7, 1927, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law.

*Charles A. Vilas* for appellant.   It should be found as a matter of law that the death of Sterio Delinousha did not result from the injury arising out of or in the course of his employment, but was solely occasioned by his willful intention to bring about the death of himself.   (*Matter of Alpert* v. *Powers*, 223 N. Y. 97; *Stillwagen* v. *Callan Bros., Inc.*, 183 App. Div. 141; *Daniels* v. *N. Y., N. H. & H. R. R. Co.*, 183 Mass. 393; *Long* v. *Omaha & C. B. Street Ry. Co.*, 108 Neb. 342; *Brown* v. *American Steel & Wire Co.*, 43 Ind. App. 560; *Withers* v. *London, B. & S. C. R. R. Co.*, [1916] K. B. 772; *Salsedo* v. *Palmer*, 278 Fed. Rep. 92; *Churchill* v. *United Fruit Co.*, 294 Fed. Rep. 400; *Upham Case*, 245 Mass. 31.)

*Albert Ottinger, Attorney-General* (*E. C. Aiken* of counsel), for respondent.   The deceased employee committed suicide resulting from an uncontrollable impulse and without conscious volition to produce death, as the result of the accident which he had sustained.   (*Beckwith* v. *Bastian Bros.*, 13 St. Dept. Rep. 538; 181 App. Div. 909; *Kovel* v. *Acorn Manufacturing Co.*, 206 App. Div. 807; *Sundbye* v. *Martenson Wood Working Co.*, 206 App. Div. 809; *Whispell* v. *General Electric Co.*, 208 App. Div. 824; *Scherer* v. *Bott Furniture Co.*, 214 App. Div. 843; *Withers* v. *London, Brighton & Southcoast Ry. Co.*, 9 B. W. C. C. 616; *Marriott* v. *Maltby Main Colliery Co., Ltd.*, 13 B. W. C. C. 353; *Jenkins* v. *Lancasters Steam Coal Collieries*, 16 B. W. C. C. 11; *Sponatski's Case*, 220 Mass. 526.)

ANDREWS, J.   Concededly if an injury causes insanity which in turn causes suicide, death benefits may be awarded under the provisions of section 10 of the Workmen's Compensation Law (Cons. Laws, ch. 67).   Here the finding is to the effect that the injury suffered by the deceased caused him to " develop and suffer from a psy-

chosis " which caused him to commit suicide, " his death being naturally and unavoidably the result of the injuries which he sustained " and that it " resulted from an uncontrollable impulse and without conscious volition to produce death." As there is some evidence to justify this finding, we would content ourselves with affirming without opinion were it not for the test as to the meaning of the word " insanity " to be applied in such cases, as stated by the Appellate Division upon an earlier appeal.

It may be said safely that insanity is a symptom of some functional derangement of tissues of the brain. As this derangement is more or less deep seated, so the resulting symptoms are more or less profound. The legal effect differs under varying circumstances. Insanity for one purpose may not be insanity for another. The defendant is guilty of crime if he knows the nature and quality of the act he commits and knows that it is wrong. A testator may make a will if he has capacity to comprehend the condition of his property, his relation to those who would, or should or might be the natural objects of his bounty, and the scope and bearing of its provisions. A contract may be avoided only if a party is so affected as to be unable to see things in their true relations and to form correct conclusions in regard thereto. A policy of insurance, excepting death by suicide, may be enforced, if the insured kills himself while insane. Here, however, there is no agreement as to the precise meaning of the word — the extent of the mental deficiency which it connotes. In some courts it means inability to recognize the physical nature of the act. (*Cooper* v. *Mass. Mut. Life Ins. Co.,* 102 Mass. 227.) In others unconsciousness that the act will cause death, or the presence of an irresistible insane impulse. (*Van Zandt* v. *Mutual Benefit Life Ins. Co.,* 55 N. Y. 169.) Still elsewhere such an impairment of reason, that while the act is intentional and voluntary, the insured still does not understand its moral quality and its general nature or effect, or where an

irresistible impulse is present. (*Connecticut Life Ins. Co. v. Akens,* 150 U. S. 468.) And again the absence of criminal intent — of an evil motive. (*Eastabrook v. Union Mut. Life Ins. Co.,* 54 Me. 224.)

The New York rule, a compromise between the two extreme views, and formulated in the *Van Zandt Case* (55 N. Y. 169), has been followed here. (*Newton v. Mutual Benefit Life Ins. Co.,* 76 N. Y. 426; *Penfold v. Universal Life Ins. Co.,* 85 N. Y. 317; *Meacham v. N. Y. State Mut. B. Ass'n,* 120 N. Y. 237.) In *Newton v. Mutual Benefit Life Ins. Co.,* Judge RAPALLO restates it. If, he says, the insured " acted under the control of an insane impulse caused by disease, and derangement of his intellect, which deprived him of the capacity of governing his own conduct in accordance with reason," the suicide is not a voluntary act.

While helpful, the decisions as to insurance policies are not strictly analogous to claims arising under the Workmen's Compensation Law. The courts there are attempting to decide the meaning of an ambiguous clause in a contract. What was the intent of the parties. But here we deal with a statute intended to redress the incidence of that economic loss inevitable in industry. It is to be construed liberally. Death benefits are allowed if the injury results naturally and unavoidably in disease and the disease causes death. This is so if the injury causes insanity from gangrenous poisoning or otherwise, and the insanity directly causes suicide — in other words, if the suicide is not the result of discouragement, of melancholy, of other sane conditions, but of brain derangement. If that is the cause an award may be made. Death is then the proximite and direct result of the accident within the meaning of the statute.

The order appealed from should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Order affirmed.