In the Matter of the Claim of EMMA METZ and Others, Respondents, against W. J. GALLAGHER and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 16, 1928.

**Workmen's compensation — injury arising out of and in course of employment — decedent strained back while working — decedent died from nephritis — no causal relation shown between injury and cause of death — award for death benefits and funeral expenses reversed.**

The decedent strained his back while in the performance of his work and was ill for some days, but later he returned to work. A short time thereafter he

was found in bed unconscious, and died before a physician arrived. An autopsy by four physicians showed that the primary cause of death was nephritis with a probable embolism as the immediate cause, but there is no sufficient evidence that a causal relation existed between the strain which occurred on December seventh and the death on the following January first, and, therefore, the award for death benefits and funeral expenses is reversed, and that portion of the award for disability is affirmed.

APPEAL by W. J. Gallagher and another from an award of the State Industrial Board made on the 16th day of June, 1927.

*Neile F. Towner,* for the appellants.

*Albert Ottinger,* Attorney-General [*E. C. Aiken,* Assistant Attorney-General, of counsel], for the respondents.

PER CURIAM. Charles Metz was employed as a truckman. On December 7, 1926, he was assisting in unloading heavy creosoted planks from a freight car and placing them on a truck. In lifting he strained his back but continued to work for the remainder of the week. On Sunday he became worse and on the following Wednesday he called at the office of his physician. An examination disclosed that he was suffering from chronic nephritis. In a short time the lameness in the back disappeared and he otherwise improved. He gave notice to his employer that he would return to work on the Monday following New Years. On December thirty-first he was on the street and made a call at his mother's home nearby in the evening. He participated in the conversation, was in good spirits and retired late at night. Before morning it was discovered that he was unconscious, and he died before a physician who had been summoned could arrive.

An autopsy was performed at which four physicians were in attendance. They are in agreement that the primary cause of his death was nephritis with a probable embolism as an immediate cause. The general opinion was that the embolism resulted from a sclerotic condition of the arteries or heart, and was unrelated to the strain which would be unlikely to produce an embolus. One of the physicians testified as an expert that " possibly " the strain might be an indirect cause. An examination of the record does not disclose any medical opinion which states with any degree of definiteness or certainty that a causal relation exists between the strain occurring December seventh and the death on the following January first. To warrant a finding that there was the rupture of a blood vessel in the back followed by a cerebral embolism as a natural result of the injury, there must be some evidence of probative value that removes the question of causal relation from the field of speculation and surmise. (*Kelly* v. *International Motor*

*Co.*, 205 App. Div. 737; *Matter of Vokes* v. *Steers, Inc.*, 222 id. 840; *Matter of McLaughlin* v. *Curtis-Quillen Co.*, 223 id. 208.)

The award for death benefits and funeral expenses should be reversed and the matter remitted to the State Industrial Board, with costs against said Board to abide the event. That portion of the award for compensation for disability should be affirmed.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Award for death benefits and funeral expenses reversed, and the matter remitted, with costs against the State Industrial Board, to abide the event. That portion of the award for compensation for disability is affirmed.