In the Matter of the Claim of ALFONSINA MALGIERI, Respondent, against GENERAL ELECTRIC COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 13, 1931.

*Edward C. Jerome*, for the appellant.

*John J. Bennett, Jr., Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

*Sacharoff & Sacharoff*, for the claimant, respondent.

HILL, J. The employer appeals from an award for death benefits. Decedent died December 1, 1929, from pneumonia which followed exposure. On the night of November twenty-sixth he had slept upon the porch of his house until about two o'clock in the morning,

when members of his family carried him inside. Disability compensation had been paid from December, 1920, when he had fallen from a truck, striking his head against a wall, which it was determined accelerated and made active a previously quiet and inactive syphilitic condition, causing loss of memory, melancholia and mental confusion. There is no medical testimony indicating causal relation between the injury in 1920 and the death in 1929. The claimants rely upon the concatenation of events.

Death benefits have been awarded in the case of suicide which was found to result from brain derangement in turn caused by an injury (*Delinousha* v. *National Biscuit Co.*, 248 N. Y. 93), but the opinion states that had the suicide been induced by conscious volition, or any sane condition, the award would not have been made. This decedent had slept upon the porch at other times, but in more clement weather. There is no proof to indicate suicidal intent. To sustain this award, evidence of probative value must justify the finding that the death from pneumonia was a natural result of the injury to the head suffered years before. Speculation and surmise are not enough. (*Matter of Metz* v. *Gallagher*, 223 App. Div. 548; *Matter of Sherman* v. *Orwasher*, 229 id. 39.) The injury is not shown to be the inducing cause of death.

The award should be reversed and claim dismissed, with costs against the State Industrial Board.

All concur, except RHODES, J., who dissents and votes for affirmance of the award on the ground that the injury destroyed the decedent's mental faculties as result of which he died of exposure; WHITMYER, J., not sitting.

Award reversed and claim dismissed, with costs against the State Industrial Board.