In the Matter of Proving the Will of SAMUEL EDDY MAURAN, Deceased, as a Will of Real and Personal Property. ARTHUR W. JOHNSON and CHARLES K. BURT, Proponents, Appellants, Respondents; ELIZABETH L. BETTON and ARTHUR BETTON, Contestants, Respondents, Appellants.— The proponents, Dr. Arthur W. Johnson and Dr. Charles K. Burt, appeal from a decree of the Warren County Surrogate's Court which denied probate of a certain paper, dated January 26, 1935, alleged to be the last will and testament of the deceased, after a trial of the controverted issues of fact before a jury in the Supreme Court at Lake George and from an order of the Supreme Court denying a motion for a new trial of such issues, and the proponent Burt further appeals from that part of the decree which denied his application for an allowance to him personally out of the estate for costs, disbursements and expenses. The contestants, Elizabeth L. Betton and Arthur Betton, heirs at law and next of kin of the deceased, appeal from that part of the decree which allows Arthur Johnson $992.25 counsel fees and disbursements, payable out of the estate, and further denies the application of contestants for an allowance to them of costs against the proponents and each of them. A question of fact was raised by the proof which was duly submitted to a jury and there is evidence to support the findings of the jury. .Decree and orders affirmed, with costs to all parties filing briefs payable out of the estate. Rhodes, Crapser and Bliss, JJ., concur. Hill, P. J. I vote to set aside the answers to questions 1 and 3 as against the weight of the evidence and to modify the decree by allowing to the executor, Burt, the costs and expenses upon the probate proceeding in Surrogate's Court and Supreme Court; with such modifications I concur for affirmance. Heffernan, J. I dissent and vote to reverse orders and decree appealed from, and to remit the matter to the Surrogate's Court of Warren county, with directions to probate the will. I find no evidence in the record which justifies the finding of the jury that the will was not properly executed, that the testator was incompetent or that any fraud was practiced upon him. The law on the subject of the degree of mental competency necessary to support a testamentary instrument has been often stated. It is clear that "the same clearness of comprehension and ability of expression which is required to enable a man to enter into a contract need not exist to enable him to make a valid will." (*Matter of Seagrist*, 1 App. Div. 615.) Unless there exists a fixed, continuing and universal insanity or incapacity there is need for contestants of a will to establish that at the time of the testamentary act the

deceased "was mentally incapable of forming a decision as to the disposition of her property and of recollecting the decision throughout the disposition of it." (*Matter of Heaton*, 224 N. Y. 22.) "A testator may make a will if he has capacity to comprehend the condition of his property, his relation to those who would, or should or might be the natural objects of his bounty, and the scope and bearing of its provisions." (*Matter of Delinousha* v. *National Biscuit Co.*, 248 N. Y. 93.)