In the Matter of the Claim of ELIZABETH MARICLE, Respondent, against A. E. GLAZIER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued June 2, 1954; decided July 14, 1954.

*John F. Gates* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Harry Pastor, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

Order affirmed, with costs.

Concur: LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ. VAN VOORHIS, J., dissents in the following opinion.

VAN VOORHIS, J. (dissenting). The deceased employee recovered from the hernia, which he sustained in an industrial accident. Death benefits have been allowed although the cause of death was suicide a month later. The cause of his suicide was a depressive psychosis, which has been found, as it seems to me without evidence of any probative force to sustain the finding, to have been caused by worry consequent upon the hernia. It is, of course, unnecessary in workmen's compensation cases, to establish fault on the part of the employer as a basis for liability, but it is necessary to prove that death or disability was caused by the industrial accident. The causes of mental illness are so complex and so deeply interwoven with heredity and environment as to defy exact medical analysis. It is implicit and usually explicit in the diagnoses of psychiatrists that, although there are instances where insanity may be ascribed to dominant factors in heredity or to crises in the life of a patient, even that can be done only with crucial reservations and conditions. When it comes to pinning responsibility for a manic depressive psychosis (which is at most a name invented to describe symptoms whose causes are not understood) upon worry produced by some mere episode in a man's life, such as fear that an operation for hernia might produce cancer, it would be difficult to conceive of anything in the field of legal medicine which could be more completely speculative. Even if a manic depressive psychosis were caused by worry, instead of worry being but a symptom, it would be impossible with medical certainty to probe the mind in order to exclude the many other worries which people usually keep to

themselves. Often the things that concern us the most we do not talk about. In arriving at an opinion that this unfortunate man took his own life due to a psychosis induced by worry over a hernia operation from which he recovered, how was it possible for a physician to assume that he did not worry more intensely about a host of other things which he did not mention or of which the doctor had not heard? To assume that he did not do so is pure speculation. *Matter of Pushkarowitz* v. *Kramer* (275 App. Div. 875, affd. without opinion 300 N. Y. 637) is cited as upholding this award. Perhaps that case is as far as the court has gone in a case of that nature. Nevertheless the facts there were materially different. There the employee had been struck upon the head by a garbage pail that had dropped a distance of five floors which resulted in the destruction of the 60% sight in one eye which was all of the vision that remained to him. After that he was completely blind. The causal connection between the subsequent suicide and his complete blindness was more tangible than the relationship of cause and effect in this case, which more nearly resembles *Matter of Brown* v. *New York State Training School* (285 N. Y. 37) where it was held as matter of law that an implication of mental derangement resulting in death could not be indulged (see, also, *Matter of Robbins* v. *Frohlich,* 303 N. Y. 987).

Even if there be some slight opinion evidence that claimant's hernia operation had a bearing upon his insanity, expert opinion evidence lacks probative force unless there are facts in the record from which the court can ascertain that the opinion is not a mere guess or surmise but that there is some substantial basis of facts in the evidence upon which it can rest. In *Matter of McCormack* v. *National City Bank* (303 N. Y. 5, 9) this court said that " there can be no doubt whatsoever that the doctor's surmise of what might have been, may not be regarded as substantial ". Here there is no basis in the record for an opinion. In *Strohm* v. *New York, Lake Erie & Western R. R. Co.* (96 N. Y. 305, 306) it was said per RAPALLO, J., that apprehended consequences " must be such as in the ordinary course of nature are reasonably certain to ensue. Consequences which are contingent, speculative, or merely possible, are not proper to be considered in ascertaining the damages." The speculative answer given by the physician in the *Strohm* case related to mental condition. To similar effect is *Briggs* v. *New York Central & H. R. R. R. Co.* (177 N. Y. 59).

If the door is opened to establishing causation by speculative testimony in mental illness, the quantity of litigation of this nature is likely to be almost unlimited not only in the field of workmen's compensation but in that of negligence and insurance as well. (Cf. *Balestrero* v. *Prudential Ins. Co. of America,* 307 N. Y. 709, where it is held that causation was not established between mental derangement and arrest of the subject's husband on a charge of crime.)

The order appealed from should be reversed and the claim should be dismissed.

Order affirmed.