In the Matter of the Claim of ANNA SEAL, on Behalf of Herself and SYLVESTER SEAL, JR., and Another, Infants, Respondent, against EFFRON FUEL OIL COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 18, 1954.

*Dunton F. Tynan, J. Vanderbilt Straub* and *Joseph Boochever* for appellants.

*Morris S. Rosenman* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Per Curiam.* The question upon this appeal is whether the decedent's death by suicide was causally connected with the accidental injuries suffered by him while in the employ of the appellant-employer.

The decedent, a truck driver, sustained accidental injuries in the course of his employment on two occasions in 1947. On July 16, 1947, the truck which he was driving collided with another vehicle and the truck was overturned. The decedent suffered a concussion and was rendered unconscious momentarily. He sustained lacerations on his head and bruises on his chest and thighs.

The decedent returned to work within a few days after the July accident. On September 15, 1947, he suffered a back injury while picking up a truck axle in the employer's garage. However, he continued at work until October 9, 1947, when he was laid off for lack of work.

The decedent received medical treatment from time to time for the injuries which he had sustained. A compensation award was made for the back injury on the theory that it had aggravated a pre-existing arthritic condition, the award being charged equally to the two accidents. Hearings continued to be held from time to time, all with relation to the physical injuries alleged to have been caused by the accidents. There was no suggestion throughout this period that the accidents had resulted in any mental derangement and no recommendation was made for psychiatric treatment. On August 26, 1949, decedent committed suicide by hanging while he was imprisoned in the Poughkeepsie jail on a charge of assaulting his wife. It appears that the decedent had been drinking heavily and had committed a brutal assault upon his wife, which necessitated her hospitalization. She was still in the hospital at the time decedent committed suicide.

The Workmen's Compensation Referee found that there was no causal connection between the suicide and the accident of July 16, 1947, and dismissed the claim. He pointed out that, "for some years previous to the accident", the decedent had been "a man of assaultive, abusive, and unstable character" and that the head injury sustained by the decedent in the accident had been given "little significance, if any * * * prior to decedent's death".

The Workmen's Compensation Board, by a vote of two to one, reversed the referee and made an award of death benefits upon the ground that the suicide had been caused by the accidental injuries sustained on July 16, 1947. The board found that, as a result of the accident, the decedent suffered a "change in his personality and behavior and a derangement

of his mind and ultimately led to an uncontrollable impulse to commit suicide ''.

We have concluded that the board's finding is not supported by substantial evidence. There was no evidence whatever that the decedent was psychotic or that there was '' a derangement of his mind '' nor was there any evidence of '' an uncontrollable impulse to commit suicide ''. The decedent's condition was described by the family physician as '' mental instability '' and by a psychiatrist as '' a post-traumatic constitution '', the chief component of which was a change in personality. These characterizations, particularly in view of the proof as to the decedent's instability prior to the accident, fall far short of giving substantial support to the board's finding.

It is clear upon the whole record that the decedent had been a man of unstable, violent and assaultive disposition long before the accident and that he took his own life in a fit of remorse over the extremely severe assault which he had committed upon his wife. The change of personality, to which the claimants' proof was directed, had little relation to the elements of violence and assaultiveness in the decedent's make-up which led to the assault upon his wife and ultimately to his suicide. There is evidence that prior to the accident, decedent had been cheerful and jolly, particularly with male companions, and that after the accident he became irritable and moody. But this change of personality is not what led to his committing the assault upon his wife or to the fit of remorse during the course of which he committed suicide.

Discouragement and melancholy because of an accident are not enough upon which to predicate a compensation claim for suicide (*Matter of Delinousha* v. *National Biscuit Co.*, 248 N. Y. 93; *Matter of Aponte* v. *Santiago & Garcia*, 279 App. Div. 269; *Matter of Maricle* v. *Glazier*, 283 App. Div. 402, affd. 307 N. Y. 738). A fortiori, remorse and depression are not sufficient if they are not primarily caused by the accident but are due to tendencies which long antedated the accident.

The decision and award should be reversed and the claim dismissed, with costs to the appellants against the Workmen's Compensation Board.

Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

Decision and award reversed and claim dismissed, with costs to the appellants against the Workmen's Compensation Board.