■ In the Matter of the Claim of HOWARD VERNUM, Deceased Employee, Appellant, against STATE UNIVERSITY OF NEW YORK, COLLEGE OF FORESTRY, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the estate of a deceased employee from a decision of the Workmen's Compensation Board disallowing a claim for death benefits. On February 16, 1954, Howard Vernum, while employed as a laborer for the respondent employer, suffered an accidental injury in the nature of a myocardial infarction. A compensation award was made. As a result of the heart attack, Vernum was confined to bed for several weeks. Even after he could move about, he could not go back to his former work or carry on his usual outdoor recreational activities, such as hunting and fishing. He had to give up smoking. He grew despondent and discouraged, and became prone to emotional outbursts and fits of crying. Marital discord developed and, about July 1, 1954, Vernum left his home and went to live with his sister in a nearby town. On July 15, 1954, he committed suicide by inhaling carbon monoxide fumes. He had connected a flexible metal hose to the exhaust pipe of his automobile and then passed the hose through the trunk into the back seat of the car. His widow seeks an award of death benefits on the theory that the decedent committed suicide because of his mental condition resulting from the accident. For an accidental injury to be held to be the cause of a suicidal act, it must be proved that the act was the product of some form of mental disease, which resulted from the injury. Otherwise, the suicide is attributable to the decedent's own volitional act, which constitutes an independent intervening cause (1 Larson on Workmen's Compensation Law, § 36.10; *Matter of Palmer* v. *Redman*, 281 App. Div. 723; *Matter of Seal* v. *Effron Fuel Oil Co.*, 284 App. Div. 795). The board found that the suicidal death was not causally related to the accidental injury decedent sustained. Implicit in this finding is a finding that the accident did not cause insanity or mental disease which, in turn, caused the suicide. There was no medical proof in this case except that of the decedent's physician, a general practitioner. He did not testify that the decedent had suffered from mental disease. He testified only that, as a result of the accident, decedent had become discouraged, depressed and despondent. This testimony would have been insufficient to sustain an award if one had been made (*Matter of Aponte* v. *Santiago & Garcia*, 279 App. Div. 269; cf. *Matter of Maricle* v. *Glazier*, 283 App. Div. 402, affd. 307 N. Y. 738). A fortiori, it is not sufficient to require a finding, as a matter of law, that the accident was the cause of the suicide. Decision affirmed, without costs. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.