Appeal from a decision and award of the Workmen’s Compensation Board. Decedent was employed as a buteher in Brooklyn, New York. On June 10, 1950 while lifting a side of beef, he sustained a severe intercostal lumbo-saero and sacroiliac sprain, and an aggravation of a pre-existing osteoarthritis. He continued to work until June 19, 1950 was off until June 23-, returned to work until August 7, 1950 after which date he was totally and partially disabled for various periods until his death by suicide on November 30, 1952. The record shows that deceased was in almost constant severe pain; injections of atropme and eserine were given; that six months before he died, decedent began to drink excessively to kill the pain. During one of the drinking episodes he locked himself in the cellar and committed suicide by stabbing himself in the neck with a knife. The medical experts for the claimant testified there was a psychosis, or brain derangement, produced by the accident; that the self-inflicted stab wound of the neck was an impulsive act in association with a psychogenic pattern of behavior in the course of an acute alcoholic intoxication episode; that «because of the severe pain and increasing incapacity, the man resorted to excessive alcoholism as an escape from reality; that the intoxication was merely an episode. They testified that the death was related to the injury of June 10, 1950. The appellant’s experts rejected the injury as a cause and attributed the suicide to the effects of excessive drinking. An impartial specialist also testified that in his opinion there was no causal relationship. This case is distinguishable from Matter of Seal v. Effron Fuel Oil Co. (284 App. Div. 795), relied on by appellants, because in that case there was no evidence that decedent was psychotic or that there was a brain derangement. The facts in this case bring it within the authority of Matter of Maricle v. Glazier (283 App. Div. 402, affd. 307 N. Y. 738). We feel that there was substantial evidence from which the board might find causal connection and death by suicide as a result of the injuries sustained by decedent. Decision and award unanimously affirmed, with costs to the Workmen’s Compensation Board.
Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.