■    In the Matter of the Claim of ROSE FALSO, Respondent, v. NATIONAL WIRING & PROTECTIVE Co. et al., Appellants.   WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and awards of the Workmen's Compen-

sation Board. Decedent claimed during his lifetime that he had received a blow to his head on January 19, 1946, while working as a serviceman for the employer, a burglar alarm company. He shot himself in 1958 and the problem in the case is whether there is substantial evidence supporting the board's finding that there was a causal relation between the 1946 accident and the suicide in 1958. There seems never to have been an objective demonstration of physical injury to the head following the 1946 alleged accident, but decedent was examined by a physician shortly after its occurrence (Jan. 21, 1946) and a diagnosis was made of "concussion of brain". This diagnosis was expressed in a contemporary report following the accident (Feb. 7, 1946). From this time decedent developed various mental symptoms and was examined and treated by several physicians. He never worked again. The appellants paid him compensation for periods of total and partial disability without contest or dispute based on results of the injury until the time of his death. Thus the essential and remaining question in the case is whether there was sufficient medical association between the mental condition and the suicide. An impartial specialist in psychiatry reported that based on a complete study of all medical reports during the intervening years there was an association between the accident and the suicide. This was disputed by a medical witness called by the carrier. It is now argued by appellants that the impartial specialist's opinion is not substantial evidence; but no request was made by them to cross-examine the specialist; and when the carrier's representative was asked by the Referee whether he objected to the report he said: "No, I do not object. I submit the report in evidence and rest on it and respectfully maintain the report does not give causal relation." We agree with the board's interpretation that causal relation is sufficiently supported in the report. On the whole record the association between injury and suicide is sufficiently established. (*Matter of Maricle* v. *Glazier*, 283 App. Div. 402, affd. 307 N. Y. 738.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.