■ In the Matter of the Claim of ANN FRANZONI, Respondent, v. LOEW'S THEATRE & REALTY CORP. et al., Appellants. WORKMEN'S COMPENSATION

742

BOARD, Respondent.—REYNOLDS, J. Appeal by two employers and their carriers from a decision and award of death benefits on the grounds that there is no substantial evidence to support the board's findings of causal relationship between decedent's death and industrial accidents sustained on April 21, 1945 and July 2, 1954. It is undisputed that on April 21, 1945 decedent, then 16 years of age, while working as an usher for appellant, Loew's Theatre & Realty Corp., fell striking his head against the marble wall of a men's washroom with such force that he did not regain consciousness until the following morning. It is further undisputed that on April 2, 1954 decedent suffered a herniated disc while loading a truck in the course of his employment as a routeman for appellant Marlo Cleaners. This injury involved intense pain and eventually required surgery and extensive hospitalization. There is no question here that both of these occurrences were industrial accidents, and compensation benefits were in fact received in each instance. On July 27, 1959 decedent, then age 29, died from an overdose of barbiturates. Claimant's position is that decedent developed a psychotic depression as a result of both accidental injuries and that thus there was causal relation between the accidents and his death. Appellants' position is that decedent commitited suicide willfully, with intent to take his life and while of sound mind. In Matter of Delinousha v. National Biscuit Co. (248 N. Y. 93, 96) the Court of Appeals stated the applicable test as follows: "Death benefits are allowed if the injury results naturally and unavoidably in disease and the disease causes death. This is so if the injury causes insanity from gangrenous poisoning or otherwise, and the insanity directly causes suicide — in other words, if the suicide is not the result of discouragement, of melancholy, or other sane conditions, but of brain derangement." Mere depression alone is thus not sufficient (Matter of Vernum v. State Univ. of New York, 4 A D 2d 722). There must be evidence of brain derangement or psychosis (see Matter of McIntosh v. Hauserman Co., 12 A D 2d 406, affd. 10 N Y 2d 892; Matter of Maricle v. Glazier, 283 App. Div. 402, affd. 307 N. Y. 738). Of course, whether in a given case brain derangement or psychosis is established and whether if established it can be traced to a prior accident or, as here, accidents are questions of fact and thus within the province of the board if its determination is supported by substantial evidence (Matter of McIntosh v. Hauserman Co., supra). Here, however, the board has found only: "The medical evidence indicates that as a result of both injuries he developed a depressed state leading to his death by suicide. Upon review the Board finds that based upon the evidence, as a result of the accidental injuries of April 21, 1945 and July 2, 1954, deceased was caused to develop a depressed state inducing him to commit suicide on July 27, 1959 and that therefore the death is causally related to both the accidental injury of April 21, 1945 and of July 2, 1954." There is no finding of brain derangement or psychosis. On the present state of the record we cannot tell if the board has in fact found brain derangement or psychosis to be present, thus limiting our review to whether there is substantial evidence in support thereof, or has found merely that decedent was depressed and nothing more in which case we would have to reverse and dismiss the claim as a matter of law. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Herlihy, J. P., Taylor, Aulisi and Hamm, JJ., concur.