### (July 19, 1972)

■ In the Matter of the Claim of LEONA AVERY, Appellant, v. CITY OF MIDDLETOWN, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workmen's Compensation Board denying the claimant death benefits on the ground that there was no causal relation between decedent's suicide and the accident he sustained on August 22, 1960. On August 22, 1960 decedent sustained a compensable back injury. On February 16, 1965 he committed suicide by taking an overdose of seconal tablets. Appellant sought to link the suicide to the prior accidental injury but the board rejected this contention finding that his committing suicide was " a wilful conscious act" and that there was no causal relationship established between the suicide and the prior accident. We find present no more than a divergence of medical opinion as to this issue and no basis to disturb the board's choice between those conflicting opinions. The weight and credibility of the medical testimony is for the board to evaluate (*Matter of Kuehnhold* v. *Yardney Elec. Corp.*, 22 A D 2d 980, mot. for lv. to app. den. 15 N Y 2d 484; cf. *Matter of Reinstein* v. *Mendola*, 39 A D 2d 369). Decision affirmed, without costs. Simons, Kane and Reynolds, JJ., concur; Herlihy, P. J., and Greenblott, J., dissent and vote to reverse in the following memorandum by Herlihy, P. J. Herlihy, P. J. (dissenting). In this case and in *Matter of Reinstein* v. *Mendola* (39 A D 2d 369), the essential question is the yardstick or rule which is to be followed by the board in reaching the ultimate conclusion as to whether or not a record establishes a sufficient mental illness causally related to the industrial accident to overcome the necessary presumption of a willful act which flows from a finding of suicide. Of course, all suicides might be classed as willful. The question of mental illness involves the issue of whether or not there was a knowingly deliberate act. The decision of this court in the *Reinstein* case (*supra*), notes that there has been a considerable development of the rule applied by the courts and to be followed by the board in these cases since the initial decision in *Matter of Delinousha* v. *National Biscuit Co.* (248 N. Y. 93) in 1928. In many cases the emphasis has been upon the existence of irrationality with a distinct causal connection to the initial accident. In other cases the question has been whether or not the irrationality was of such a nature as to warrant a finding that the suicide was not a willful conscious act (*Matter of Franzoni* v. *Loew's Theatre & Realty Corp.*, 25 A D 2d 453, affd. 20

N Y 2d 889; *Matter of Cackett* v. *General Acc. Fire & Life Assur. Co.*, 9 A D 2d 804; *Matter of Kelly* v. *Sugarman*, 5 A D 2d 1023; *Matter of Sulfaro* v. *Pellegrino & Sons*, 2 A D 2d 426; *Matter of Maricle* v. *Glazier*, 283 App. Div. 402; *Matter of Kwiatowski* v. *Hedstrom-Spaulding*, 272 App Div. 857). In the present case the sole medical evidence as to whether or not the claimant suffered a severe mental illness is substantial and diagnosed as "psychotic depression". The medical evidence on behalf of the respondent employer went more to the issue of a causal relationship by asserting that the decedent's physical condition would not from an objective standpoint cause pain and further that pain would not cause a psychotic condition. It necessarily follows that upon the present record the medical evidence established that the decedent was suffering from a severe mental illness in the nature of a psychosis. While the majority opinion notes that the board found there was no causal relationship between the suicide and the prior accident, that finding appears to be dependent upon the board's prior findings that the suicide did not result from "insanity" and its express finding that "*he was not insane within the meaning of the law and was able to deliberate and function in performing the act of self destruction*". (Italics supplied.) Precisely what the board considers insanity within the meaning of the law or the extent of mental illness necessary to overcome the willfulness inherent in an act of suicide is not apparent from the findings of the board. Inasmuch as the present record does contain substantial evidence of a severe mental illness and of a causal relationship between such illness and the prior accident, it seems that the board has applied a rule or test as to the nature and extent of mental illness required which would be arbitrary and capricious as a matter of law. Upon the present record the findings included in the board's decision and its conclusions as to the compensability of the claim are not sufficient to permit an intelligent review of the basis for the denial of the claim. It would appear that the board found that the mental illness established by the record was not of such a nature as to permit an award of compensation and such a finding would be error as a matter of law. (See *Matter of Franzoni* v. *Loew's Theatre & Realty Corp.*, supra.) The decision appealed from should be reversed and the matter remitted to the board for further proceedings not inconsistent herewith.