Argued March 17, reversed April 14, petition for review
denied June 10, 1975

JONES, *Respondent, v.* CASCADE WOOD
PRODUCTS, INC. (No. 74-754-E-1), *Appellant.*

533 P2d 1399

Argued and submitted March 17, 1975.

*Keith D. Skelton,* Portland, argued the cause and filed the brief for appellant.

*A. E. Piazza,* Medford, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FORT and DENECKE, Judges.

SCHWAB, C. J.

The issue in this workman's compensation case is the compensability of a death resulting from suicide.

Morris Jones suffered a compensable back injury in November of 1971, for which he ultimately received a permanent partial disability award of 64 degrees, 20 percent of the maximum allowable for an unscheduled injury.

Prior to the accident, Jones was physically active and apparently healthy and cheerful. Following the accident he often complained about pain, limitation on his physical activities, loss of sleep and frequently expressed concern about his financial situation. In May of 1973 he committed suicide by shooting himself. His widow filed a claim for death benefits. At the hearing the widow, several friends of decedent, and a psychiatrist testified, and a written report from another psychiatrist was received. None of the evidence indicated that decedent was insane, unable to control his actions or unable to form a deliberate intent to kill himself.

ORS 656.156(1) provides:

"If injury or death results to a workman from the *deliberate intention* of the workman himself to produce such injury or death, neither the workman nor the widow, widower, child or dependent of the workman shall receive any payment whatsoever under ORS 656.001 to 656.794." (Emphasis supplied.)

The workmen's compensation acts of 42 other states and the federal government contain similar provisions. Larson, *The Suicide Defense in Workmen's Compensation*, 23 Buff L Rev 43 (1973). While the issue has not arisen in Oregon before, in most states where the issue has arisen, the courts have held that the restrictive statutes are not an absolute bar to

recovery of death benefits in all cases where death is caused by suicide. *See,* Annotation, 15 ALR3d 616 (1967). Although the language in many of the cases is confused, three different standards emerge from them. The most liberal could be called a "but for" test. The suicide is compensable if "but for" the injury the suicide would not have occurred. For example, *Whitehead v. Keene Roofing Co.,* 43 So2d 464 (Fla 1949); *Beauchamp v. Workmen's Comp. App. Bd.,* 259 Cal App2d 147, 66 Cal Rptr 352 (1968). Another standard often employed by the courts allows recovery only where decedent was acting while under the influence of an "irresistible impulse" which completely dominated his will, where this impulse resulted from a compensable injury. For example, *United States v. Biami,* 243 F Supp 917 (ED Wis 1965); *Franzoni v. Loew's Theatre & Realty Corp.,* 22 App Div2d 741, 253 NYS2d 505 (1964). These two standards are both sometimes referred to as the "chain of causation" test.

The most restrictive standard requires that the suicide take place when the actor is so deranged that the suicide is not the result of any conscious volition to produce death on the part of the actor, and the actor has no knowledge of the consequences of his act, e.g., *Sponatski's Case,* 220 Mass 526, 108 NE 466 (1915).

■■ Here there was no evidence that the suicide was the result either of an irresistible impulse or of complete lack of understanding by Jones of the consequences of his act. Thus, if compensation is to be allowed, it must be done under the "but for" test. To apply the "but for" test as the measure of compensability would be in effect to hold that ORS 656.156(1) has no application to death by suicide. We reject that test.

"* * * [A] literal causation test, based on

purely antecedent causation, would virtually result in absolute liability for employee suicides. Almost any suicide claim could produce enough evidence of work-connected nervous strain and mental imbalance to meet a test based on *'but for'* causation * * *." Case Notes, 8 UCLA L Rev 673, 676 (1961).

Whether the irresistible impulse or the insanity standard is applicable in Oregon, we need not here decide, since either standard would bar recovery in this case.

It follows that the referee and Board correctly denied this claim, and that the order of the circuit court allowing it cannot stand.

Reversed.