■ In the Matter of the Claim of CATHERINE M. HYDE, Appellant, v NEW YORK STATE DEPARTMENT OF MENTAL HYGIENE, SUNMOUNT STATE SCHOOL, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed November 16, 1973, which reversed a referee's decision and denied compensation death benefits to the claimant. The record establishes that as a result of accusations that he had mistreated mentally retarded children in the course of his employment, the claimant's husband committed suicide. The claimant introduced expert testimony to the effect that, as a result of the employment situation, the deceased suffered a mental illness and that his subsequent suicide was the result of such illness. The employer and its insurance carrier introduced expert testimony to the effect that the decedent did not commit suicide as the result of a mental illness but, rather, simply as a means of avoiding further proceedings in regard to the accusations which had been leveled against him. The board found that "the evidence in the record does not support a finding that decedent's suicidal act was not a wilful intention to bring about his own self destruction." The record contains substantial evidence that the suicide did not result from mental illness. Accordingly, the decision of the board should be affirmed. The recent case of *Matter of Wolfe v Sibley, Lindsay & Curr Co.* (36 NY2d 505) establishes that a claimant need not suffer physical injury in order to suffer a work-related compensable mental illness. However, in the present case the issue for the board was whether or not the deceased suffered such a mental illness as to overcome the *prima facie* proof of a deliberately self-inflicted injury and death. (See Workmen's Compensation Law, § 2, subds 7, 8; § 10; *Matter of Delinousha v National Biscuit Co.,* 248 NY 93, 96.) Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney and Reynolds, JJ., concur; Kane, J., dissents and votes to remit in the following memorandum. Kane, J. (dissenting). The board necessarily accepted the expert opinion of the psychiatrist for the employer and its carrier as substantial evidence to surmount the presumption that decedent's demise was not the product of a "wilful intention" to cause his own death and the unequivocal conclusion of claimant's psychiatrist that his suicide was the result of mental illness (Workmen's Compensation Law, § 21, subd 3). However, the report and testimony of this psychiatrist fail to demonstrate that he reviewed or considered the evidence given at an earlier hearing date by decedent's supervisors concerning his activities and attitudes following the accusations of patient mistreatment. This is significant because neither of the opposing experts had ever seen or attended decedent and both formulated their opinions upon his purported behavior subsequent to those accusations. Furthermore, while conceding that decedent was "apprehensive", "despondent", "dejected", and displayed an "inordinate amount of concern" about the pending disciplinary hearing which he "feared like hell", a careful reading of the record reveals that this witness was primarily impressed by the apparent absence of a pathological condition of a classic psychotic or neurotic nature to describe decedent's status before the suicidal

event. As a result, his ultimate opinion does not sufficiently consider whether decedent suffered from mental deterioration during this period which finally culminated in his death, and it should not be permitted to serve as substantial evidence on this decisive question, particularly when a mental illness for which a classic name might be given is no longer required (cf. *Matter of Reinstein v Mendola,* 39 AD2d 369, affd 33 NY2d 589). Accordingly, this matter should be remitted to the board for further proof on this issue and to determine the compensability of decedent's injury in light of *Matter of Wolfe v Sibley, Lindsay & Curr Co.* (36 NY2d 505).